**WILK AUSLANDER LLP**
825 Eighth Avenue, 29th Floor
New York, NY 10019
(212) 981-2300
Eric J. Snyder, Esq.

*Proposed Counsel for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>TREASURES AND GEMS, LTD.,<br><br>Debtor.[1] | Chapter 11<br><br>No. 24-10570 (DSJ) |

## NOTICE OF PRESENTMENT

**PLEASE TAKE NOTICE,** that, the annexed application to retain Wilk Auslander LLP as counsel for Treasurers and Gems, Ltd., *nunc pro tunc* to the Petition Date, with a proposed Order (the "Retention Order") will be presented, pursuant to Local Bankruptcy Rule 9074-(1)(b)(1)(J), to the Honorable David S. Jones, United States Bankruptcy Judge for the Southern District of New York on **May 7, 2024 at 4:00 p.m.** (the "Presentment Deadline") for signature.

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the entry of the Retention Order and the relief requested therein, if any, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall set forth the basis for the response or objection and the specific grounds therefor, and shall be filed with the Court electronically (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov), with a hard copy delivered directly to Judge Jones' Chambers, United States Bankruptcy Court for the Southern

District of New York, One Bowling Green Station, New York, New York 10004 and served so as to be actually received no later than **May 4, 2024 at 4:00 p.m.** ("Objection Deadline"), upon Wilk Auslander LLP, 825 Eighth Avenue, Suite 2900, New York, New York 10019 (Attn: Eric J. Snyder, Esq.).

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and received by the Objection Deadline, the proposed Retention Order may be entered without further notice or a hearing on the Presentment Deadline.

Dated: New York, New York
April 17, 2024

**WILK AUSLANDER LLP**
*pro se*

By: /s/: Eric J. Snyder
    Eric J. Snyder, Esq.
825 Eighth Ave., Suite 2900
New York, New York 10019
(212) 981-2300

100132931.1

WILK AUSLANDER LLP
825 Eighth Avenue, 29th Floor
New York, NY 10019
(212) 981-2300
Eric J. Snyder, Esq.

*Proposed Counsel for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>TREASURES AND GEMS, LTD.,<br><br>Debtor.[1] | Chapter 11<br><br>No. 24-10570 (DSJ) |

## DEBTOR'S APPLICATION FOR RETENTION OF WILK AUSLANDER LLP AS COUNSEL FOR DEBTOR AND DEBTOR IN POSSESSION

Treasures and Gems, Ltd. (the "Debtor"), files this application (the "Application"), pursuant to §§ 327(a) and 1107(a) of title 11 of the U.S. Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order, substantially in the form of the proposed order attached hereto as Exhibit A, authorizing the Debtor to retain the law firm of Wilk Auslander LLP ("WA"), effective as of the petition dated April 2, 2024, as its chapter 11 counsel. In support of this Application and upon the declaration of Eric J. Snyder, Esq. (the "Snyder Declaration") filed contemporaneously, the Debtor respectfully states as follows:

### BACKGROUND

1. On April 2, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 the Bankruptcy Code.

---

[1] The Debtor in this Chapter 11 Case, along with the last four digits of its federal tax identification number, is 4865.

1

2. The Debtor is managing its property as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

3. No examiner, or committee of creditors has been appointed in this case. On December 21, 2023.

4. The Debtor owns the improved real property located 250 East 90th Street, a/k/a 1739 2nd Avenue, New York, New York (the "Real Property"). The Real Property has four commercial units on the first floor and eight residential units on floors two through five.

5. The Debtor is owned 64.775% by the Estate of Rhoda Crane (the "R. Crane Estate") and 35.225% by the estate of Joyce Crane (the "J. Crane Estate", with the R. Crane Estate, the "Crane Estates"). David M. Repetto, Esq. is the court-appointed administrator of the R. Crane Estate and President of the Debtor. The J. Crane Estate is administered by Stuart Reiser, Esq., the court appointed administrator. Mr. Reiser is the Secretary/Treasurer of the Debtor.

**RELIEF REQUESTED**

6. By this Application, the Debtor seeks authority, pursuant to § 327(a) of the Bankruptcy Code, as modified by § 1107(b) of the Bankruptcy Code, to employ WA as its chapter 11 counsel, *nunc pro tunc* to the Petition Date, to perform the legal services set forth herein. The Debtor has determined to retain WA as its counsel, because the Debtor believe that WA is well qualified to act as its attorneys and to represent it as debtors and debtors in possession in this case. In addition, WA has extensive experience in matters of this nature.

7. The Debtor seeks to retain WA as its general counsel for all legal services that may be required in connection with conducting this chapter 11 case, including, but not limited to or necessarily requiring all of, the following:

2

a. to give the Debtor legal advice with respect to the powers and duties as debtor in possession;

b. to prepare applications, answers, orders, reports and other legal documents on behalf of the Debtor in connection with the chapter 11 proceeding;

c. to attend meetings and negotiate with representatives of creditors and other parties in interest, attend court hearings, and advise the Debtor on the conduct of this chapter 11 case;

d. to perform all other legal services for the Debtor which may be necessary in this chapter 11 case; and

e. to advise and assist the Debtor regarding aspects of the plan confirmation process, including, but not limited to, negotiating and drafting a plan of reorganization and securing confirmation of the plan.

8. To the best of the Debtor's knowledge, WA has no present connection with the creditors of the estate, any other party in interest or their respective attorneys, except as otherwise disclosed in the Snyder Declarations.

9. WA is a "disinterested person", as that term is defined in § 101(14) of the Bankruptcy Code, in that WA:

a. is not a creditor, equity security holder, or insider of the Debtor;

b. is not and was not, within two (2) years before Petition Date, a director, officer, or employee of the Debtors; and

c. does not hold an interest materially adverse to the interests of the estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship with, or interest in, the Debtors.

10. The Debtor understand that WA will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), General Order M-447 and further orders of this Court ("Orders"), for all services performed and expenses incurred after the Petition Date.

11. If there are insufficient proceeds generated from the sale of the Real Property to satisfy the fees and expenses incurred by WA, the Crane Estates have agreed to pay WA its fees and expenses from Crane Enterprises, a corporation owned by the Crane Estates that owns real property located in Nassau County.

12. Prior to the Petition Date, the Debtor remitted to WA the sum of $22,000 as a retainer. The Debtor is currently holding approximately $30,000 in escrow in one of the pending state court proceedings. Should those funds be released, the Debtor has agreed to pay WA the sum of $8,000 as an additional retainer.

13. Pursuant to Bankruptcy Code § 328(a), the Debtor may retain WA on any reasonable terms and conditions. The Debtor, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Orders, propose to pay WA its customary hourly rates for services rendered that are in effect from time to time, as set forth in the Snyder Declaration, and to reimburse WA according to its customary reimbursement policies, and respectfully submit that such rates are reasonable.

14. The Debtor submits that the retention of WA is necessary and is in the best interests of their estates.

**WHEREFORE,** the Debtor respectfully requests the entry of an order (in the form annexed hereto as Exhibit A: (i) authorizing the employment of WA as counsel to the Debtor, *nunc pro tunc* to the Petition Date; and (ii) granting such other, further and different relief as the Court may deem just and proper.

Dated: Hackensack, New Jersey
      April ___, 2024

/s/ David M. Repetto
David M. Repetto
President

# EXHIBIT A

**Proposed Order**

100131484.1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

TREASURES AND GEMS, LTD.,

Debtor.[2]

Chapter 11

No. 24-10570 (DSJ)

**ORDER AUTHORIZING RETENTION OF WILK AUSLANDER LLP AS COUNSEL
FOR DEBTOR AND DEBTOR IN POSSESSION**

UPON the *Debtor's Application For Retention of Wilk Auslander LLP as Counsel for Debtor and Debtors in Possession* (the "Application") filed by Treasures and Gems, Ltd. (the "Debtor"), pursuant to Sections 327(a) and 1107(a) of title 11 of the U.S. Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing the Debtor to retain the law firm of Wilk Auslander LLP ("WA"), effective as of the petition date, April 2, 2024, as its chapter 11 counsel; and upon the declarations of Eric J. Snyder, Esq., a partner of WA (the "Snyder Declaration"), filed contemporaneously with the Application; and it appearing that: (i) WA neither represents nor holds any interest adverse to the Debtor or its estate with respect to the matters upon which it is to be engaged, as set forth in the Snyder Declarations; (ii) WA is a disinterested person as that term is defined in Section 101(14) of the Bankruptcy Code; and (iii) the employment of WA is necessary and would be in the best interests of the estate; it is now, hereby:

**ORDERED**, that the Application is granted and the Debtor is authorized to employ WA as counsel in accordance with § 327(a) of the Bankruptcy Code, Rule 2014 of the Bankruptcy

---

[2] The Debtor in this Chapter 11 Case, along with the last four digits of its federal tax identification number, is 4865.

1

Rules, and Rule 2014-1 of the Local Rules on the terms and conditions set forth in Application and the Snyder Declaration, *nunc pro tunc* to the Petition Date; and it is further

**ORDERED**, that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern; and it is further

**ORDERED**, that, notwithstanding any provision to the contrary in the Application, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order; and it is further

**ORDERED**, that WA is authorized to employ the following services:

    a.    to give the Debtor legal advice with respect to the powers and duties as debtors in possession;to prepare applications, answers, orders, reports and other legal documents on behalf of the Debtor in connection with the chapter 11 proceeding;
    b.    to attend meetings and negotiate with representatives of creditors and other parties in interest, attend court hearings, and advise the Debtor on the conduct of its chapter 11 case;
    c.    to perform all other legal services for the Debtor which may be necessary in these chapter 11 cases; and
    d.    to advise and assist the Debtor regarding aspects of the plan confirmation process and securing confirmation of the plan.

; and it is further

**ORDERED**, that WA shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated November 25, 2009 and the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated June 17, 2013; and it is further

**ORDERED**, that prior to any increases in WA rates for any individual retained by WA and providing services in these cases, WA shall file a supplemental affidavit with the Court and

2

100131484.1

provide ten business days' notice to the Debtor and the United States Trustee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether WA's client has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

Dated: New York, New York
       April__, 2024

                              HONORABLE DAVID S. JONES
                              UNITED STATES BANKRUPTCY JUDGE

NO OBJECTION TO ENTRY OF THIS ORDER:
William K. Harrington
United States Trustee


By:_____
      Andrea Schwartz
      Trial Attorney

# **EXHIBIT B**

**Snyder Declaration**

100131484.1

WILK AUSLANDER LLP
825 Eighth Avenue, 29th Floor
New York, NY 10019
(212) 981-2300
Eric J. Snyder, Esq.

*Proposed Counsel for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

TREASURES & GEMS, LTD.,

Debtor.[3]

Chapter 11

No. 24-10570 (DSJ)

## DECLARATION OF DISINTERESTEDNESS AND IN SUPPORT OF DEBTOR'S APPLICATION FOR RETENTION OF WILK AUSLANDER LLP AS COUNSEL FOR DEBTOR AND DEBTOR IN POSSESSION

I, ERIC J. SNYDER, ESQ., declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief:

1. I am a member of the law firm Wilk Auslander LLP ("WA"). I am duly admitted to practice law in the State of New York and before this Court.

2. I submit this declaration in support of the application of Treasurers and Gems, Ltd.. (the "Debtor") pursuant to Sections 327(a) and 1107(a) of title 11 of the U.S. Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order authorizing the Debtor to retain the law firm of Wilk Auslander LLP ("WA"), *nunc pro tunc* to the petition date, April 2, 2024, as its chapter 11 counsel, and to provide the disclosures required under Bankruptcy Rule 2014(a).

---

[3] The Debtor in this Chapter 11 Case, along with the last four digits of its federal tax identification number, is 4865.

1

3. The Debtor owns the improved real property located 250 East 90th Street, a/k/a 1739 2nd Avenue, New York, New York (the "Real Property"). The Real Property has four commercial units on the first floor and eight residential units on floors two through five.

4. The Debtor is owned 64.775% by the Estate of Rhoda Crane (the "R. Crane Estate") and 35.225% by the estate of Joyce Crane (the "J. Crane Estate", with the R. Crane Estate, the "Crane Estates"). David M. Repetto, Esq. is the court-appointed administrator of the R. Crane Estate and President of the Debtor. The J. Crane Estate is administered by Stuart Reiser, Esq., the court appointed administrator. Mr. Reiser is the Secretary/Treasurer of the Debtor.

5. Neither I, nor WA, nor any partner, of counsel to, or associate of WA represents any entity other than the Debtor in connection with this chapter 11 case. In addition, except as set forth herein, to the best of my knowledge, after due inquiry, neither I, WA, nor any partner of, counsel to, or associate of WA represents any party-in-interest in this chapter 11 case in matters related to this chapter 11 case.

6. To the best of my knowledge, neither I, nor WA, nor any partner, counsel, of counsel, or associate of WA, represents any creditor or party-in-interest in this case, or their attorneys or accountants, except as set forth below. Further, WA has no connection (as such term is used in Section 101(14) of the Bankruptcy Code and Bankruptcy Rule 2014(a)) with the Debtor, its creditors, any other party-in-interest herein, the Debtor's current attorneys or professionals, the United States Trustee, or any person employed in the Office of the United States Trustee, nor does WA hold any adverse interest or represent any entity having an adverse interest in connection with this case, except as disclosed herein.

2

7. WA, and its partners, counsel, of counsel, and associates do not currently represent, and have not previously represented, persons, entities, and their affiliates that are claimants, interest holders, other parties-in-interest, or professionals of the Debtor (and other professionals to be retained in this case).

8. On March 27, 2024, WA received payment of $22,000 from the Debtor in connection with the bankruptcy filing. WA applied the sum of $17,832 for services rendered and expenses incurred between March 25 and April 1 2024 and the sum of $4,168 remains as a pre-petition retainer that WA will apply to all fees and expenses incurred and allowed by the Bankruptcy Court.

9. If there are insufficient proceeds generated from the sale of the Real Property to satisfy the fees and expenses incurred by WA, the Crane Estates have agreed to pay WA its fees and expenses from Crane Enterprises, a corporation owned by the Crane Estates that owns real property located in Nassau County.

10. Prior to the Petition Date, the Debtor remitted to WA the sum of $22,000 as a retainer. The Debtor is currently holding approximately $30,000 in escrow in one of the pending state court proceedings. Should those funds be released, the Debtor has agreed to pay WA the sum of $8,000 as an additional retainer.

11. Neither I, nor WA, nor any partner, counsel, of counsel to, or associate of WA, insofar as I have been able to ascertain, holds or represents any entity having an adverse interest to the Debtor or its estate.

12. WA is a "disinterested person", as that term is defined in Section 101(14) of the Bankruptcy Code, in that:

    d. WA is not a creditor, equity security holder, or insider of the Debtor;

e. WA is not and was not, within two (2) years before the Petition Date, a director, officer, or employee of the Debtor; and

f. WA does not hold an interest materially adverse to the interests of the estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship with, or interest in, the Debtor.

13. By reason of the foregoing, I believe that WA is eligible for employment and retention by the Debtor pursuant to Section 327 and the applicable Bankruptcy Rules.

14. The professional services that WA has rendered and will render to the Debtor, include, but are not limited to, the following:

f. to give the Debtor legal advice with respect to the powers and duties as debtors in possession;

g. to prepare applications, answers, orders, reports and other legal documents on behalf of the Debtor in connection with the chapter 11 proceeding;

h. to attend meetings and negotiate with representatives of creditors and other parties in interest, attend court hearings; and advise the Debtor on the conduct of its chapter 11 case;

i. to perform all other legal services for the Debtor which may be necessary in this chapter 11 case; and

j. to advise and assist the Debtor regarding aspects of the plan confirmation process, including, but not limited to, negotiating and drafting a plan of reorganization and securing confirmation of the plan;

15. I am the attorney who will bear the primary responsibility for the representation of the Debtor in this Chapter 11 case. The current hourly rates for WA's other attorneys and paralegals are as follows:

| | |
|---|---|
| Partners | $725 to $1200 |
| Of Counsel | $675 to $725 |
| Associates | $450 to $690 |
| Paralegals | $330 to $435 |

16. WA's hourly rates are subject to periodic increases, typically in January of each year, in the normal course of the WA's business.

17. Fees will be paid only upon the entry of an order of this Court authorizing the payment of compensation pursuant to sections 327, 330, and 331 and applicable Bankruptcy Rules, Local Rules, and General Orders of U.S. Bankruptcy Court for the Southern District of New York.

Dated: New York, New York
       April 9, 2024

                                      /s/ Eric J. Snyder
                                      ERIC J. SNYDER, ESQ.