UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                              Chapter 11

TREASURES AND GEMS, LTD,                            Case No. 24-10570 (DSJ)

                Debtor.
------------------------------------------------------------x

# ORDER APPROVING SALE OF REAL PROPERTY

## RECITALS

    A.    On April 2, 2024 (the "**Petition Date**")[1], Treasures and Gems, Ltd., the above-captioned debtor-in-possession (the "**Debtor**") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court, commencing the above-captioned case (the "**Chapter 11 Case**").

    B.    On October 21, 2024, the Court entered an order, *inter alia*, approving the: (i) Bidding Procedures for the sale (the "**Sale**") of the real property known as and located at 1739 Second Avenue, a/k/a 250 East 90th Street, New York, New York (the "**Property**" or "**Real Property**") and (ii) form and manner of notice related to the sale of the Real Property (the "**Sale Notice**"), ECF No. 45, which order was amended thereafter, ECF No. 46 (as amended, the "**Bid Procedures Order**"). Copies of the Bidding Procedures and the Sale Notice are attached to the Bid Procedures Order as Exhibits 1 and 2, respectively.

    C.    On December 6, 2024, the Debtor filed its amended Disclosure Statement (the "**Disclosure Statement**") and Amended Plan (the "**Amended Plan**", with the "**Disclosure Statement**," the "**Plan Documents**"), ECF No. 60. The Plan Documents contemplate approval of the Sale.

---

[1] To the extent there are capitalized terms herein which are not defined, such capitalized terms shall be construed in accordance with their meaning as set forth in the Disclosure Statement and Amended Plan (defined below).

1

D. On December 10, 2024, the Bankruptcy Court (1) entered an order conditionally approving the Disclosure Statement and scheduling a hearing to consider final approval of Disclosure Statement and confirmation of Debtor's Amended Plan (the "**Scheduling Order**") and (2) scheduled January 22, 2025, as a date for a hearing to consider final approval of the Disclosure Statement and confirmation of the Amended Plan (the "**Confirmation Hearing**"), ECF No. 61. The Confirmation Hearing was subsequently adjourned until January 28, 2025, ECF Nos. 94, 98. As used herein, the term "Confirmation Hearing" shall include the hearings conducted by the Court on both January 27 and 28 of 2025.

E. On December 17, 2024, an auction to accomplish the Sale was conducted pursuant to the terms of the Bidding Procedures (the "**Auction**").

F. At the conclusion of the Auction, (i) Tristar Management Associates, LLC (the "**Successful Bidder**") was identified as the highest bidder with a bid of $4,400,000 (the "**Successful Bid**"), and (ii) Kenden LLC ("**Kenden**" or "**Back-Up Bidder**") was identified as the second highest bidder with a bid of $4,350,000 (the "**Back-up Bid**").

G. Thereafter, on December 17, 2024, the Debtor filed results of the Auction, ECF No. 73.

H. On January 14, 2025, Michael Crane and Benjamin Nazmiyal filed an objection to the Plan, ECF No. 83 (the "**CN Objection**").

I. On January 19, 2025, the Debtor filed the Brief in Support of Confirmation of Amended Chapter 11 Plan of Liquidation which supported approval of the Sale, ECF No. 90 (the "**Confirmation Memorandum**").

J. On January 24, 2025, Debtor filed the Affidavit of Greg Corbin, President of Northgate Real Estate Group ("**Northgate**") with respect to the Auction (the "**Corbin Declaration**").

K. The Confirmation Hearing was held on January 27, 2025, commencing at 10:30 a.m. At the close of the Confirmation hearing, the Court adjourned until the following day. On January 28, 2025, the Court delivered its oral ruling as to confirmation and approval of the Sale. By its oral ruling, the Court (i) overruled all objections (except the objections to claims at ECF No. 76) of Michael Crane, Benjamin Nazmiyal, and each of the Alleged Lessees (defined below), including the CN Objection and all other objections and counter-arguments set forth on the record of the Confirmation Hearing, other than those that the U.S. Trustee raised informally which were resolved by changes made in the Amended Plan, (ii) granted the motion confirming the Amended Plan, and (iii) approved the Sale.

**NOW, THEREFORE**, it appearing to the Court that notice of approval of the Sale and the opportunity for any party in interest to object to approval of the Sale have been adequate and appropriate; and upon all of the evidence proffered or adduced and the arguments of counsel made at the Confirmation Hearing, the Reiser Declaration, the Corbin Declaration, the Confirmation Memorandum, and the entire record of the Chapter 11 Case, including the oral ruling by the Court placed on the record at the Confirmation Hearing; and after due deliberation thereon and good cause appearing therefor; and in accordance with 28 U.S.C. § 157(c)(1) and Rules 7052, 8018.1, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"):

**IT IS HEREBY FOUND, CONCLUDED, AND DETERMINED THAT:**

1. <u>Exclusive Jurisdiction, Venue, Core Proceeding</u>. This Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before the Court

pursuant to 28 U.S.C. §§ 1408 and 1409. Approval of the Disclosure Statement, confirmation of the Amended Plan and approval of the Sale are core proceedings under 28 U.S.C. §§ 157(b)(2), and this Court has exclusive jurisdiction to determine whether (i) the Amended Plan and the Sale comply with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules, (ii) the Amended Plan should be confirmed and the Sale shall be approved, and (iii) to enter a final order(s) with respect to such matters.

2. <u>Judicial Notice</u>. This Court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of the Court and/or its duly-appointed agent, with respect to the fact that various documents, declarations, notices and other pleadings have been filed, as well as orders entered by the Court, including, without limitation, all pleadings and other documents filed, and all orders entered.

3. <u>Transmittal and Mailing of Materials, Notice</u>. The Solicitation Package was transmitted and served in compliance with the Scheduling Order and the Bankruptcy Rules, and such transmittal and service were adequate and sufficient. Adequate and sufficient notice of the Confirmation Hearing and the other dates described in the Scheduling Order was given in compliance therewith, and no other or further notice is or shall be required. Further, (i) due, proper, timely, adequate and sufficient notice of the Bid Procedures hearing, the Sale, the Auction, and the Confirmation Hearing (including seeking approval of the Sale), has been provided to all parties entitled thereto; (ii) such notice was and is good, sufficient and appropriate under the circumstances of the Chapter 11 Case; and (iii) no other or further notice of the Sale, or the relief sought with respect thereto, is or shall be required. A reasonable opportunity to object or to be heard, with respect to, among other things, confirmation of the Amended Plan and approval of the Sale, has been afforded to all interested persons and entities.

4. <u>Sale Related Provisions.</u>

   a. <u>Arm's-Length Sale</u>. The sale of the Property pursuant to the Amended Plan and this Order was at arm's-length, without collusion or fraud, and in good faith within the meaning section 363(m) of the Bankruptcy Code. None of the Debtor, the Successful Bidder, the Back-Up Bidder, their respective affiliates, equity holders, or their representatives has engaged in any conduct that would cause or permit sale of the Property to be avoided under section 363(n) of the Bankruptcy Code or has acted in any improper or collusive manner with any person. The Successful Bidder and Back-Up Bidder have proceeded in good faith in connection with this proceeding. The Bidding Procedures governing the Auction and the Sale, including, without limitation, the consideration provided therein, are fair and reasonable and shall not be avoided under section 363(n) of the Bankruptcy Code. The Bidding Procedures and any other documents executed in connection with the Auction and the Sale, are valid and binding contracts and shall be enforceable according to their terms;

   b. <u>Sale in Best Interests</u>. The Sale is in the best interest of the Debtor, its estate, its creditors and all other parties in interest. Immediate approval by this Court of the Sale to the Successful Bidder or the Back-Up Bidder, if applicable, is necessary and appropriate to maximize the value of the Debtor's estate. There is risk of deterioration of the value of the Property if the Sale is not promptly consummated;

   c. <u>Business Justification</u>. The Debtor has demonstrated good, sufficient and sound business reasons and compelling circumstances for the Court to approve the Sale and authorize the Sale under section 363(b) of the Bankruptcy Code outside the

ordinary course of business. Entry of this Order approving the Sale and confirmation of the Amended Plan is a necessary condition precedent to the Successful Bidder's consummation of the Sale;

d. <u>Consideration</u>. The Property has been adequately marketed, and the purchase price to be provided by the Successful Bidder pursuant to the results of the Auction (i) represents the highest or otherwise best offer received by the Debtor for the Property, and (ii) constitutes reasonably equivalent value and fair consideration for the Property;

e. <u>Free and Clear</u>. All of the Debtor's right, title and interest in and to the Real Property is being sold free and clear of all liens, claims (as such term is defined in section 101(5) of the Bankruptcy Code), encumbrances, rights, remedies, restrictions, interests, liabilities, leasehold interests, including, without limitation, any leasehold or possessory interests (the "**Alleged Leases**") claimed to be held by Wristwatch Café, LLC, or Kosher Food Connection, LLC (together, the "**Alleged Lessees**"), and contractual commitments of any kind or nature whatsoever, whether arising before or after the Petition Date, whether at law or in equity, including all rights or claims based on any successor or transferee liability, all change in control provisions, and all rights to object or consent to the effectiveness of the transfer of the Real Property, in each case to the fullest extent permitted by section 363(f) of the Bankruptcy Code (the "**Claims**"), such Claims to attach to the proceeds of the sale with the same extent, validity and priority as such Claims applied against the Real Property;

f.  Turnover of Leaseholds. That independent of the extinguishment of the possessory interests under section 363 of the Bankruptcy Code, the Court finds that the possessory interests are extinguished and possession of any portion of the Property held by the Alleged Lessees must be turned over, pursuant to section 542 of the Bankruptcy Code, to the Debtor upon the date that this Order becomes final and non-appealable. Notwithstanding the foregoing, and as more fully set forth in, in accordance with, and subject to, paragraph 29(n) below, the Alleged Lessees do have a right to remove certain personal property (described in paragraph 29(n)) from the Property on or before the expiration of the Vacate Date, as defined below;

g.  Adequate Protection. Pursuant to section 363(e) of the Bankruptcy Code, the Alleged Lessees, upon the entities' election, shall hold a Class 3 General Unsecured Claim under the Amended Plan resulting from the Sale of the Real Property free and clear of the Alleged Leases and the Alleged Lessees' possessory interest in the Real Property (the "Adequate Protection Claim"). Alleged Lessees may file an Adequate Protection Claim, within 30 days of the date of this Order.

5.  Implementation of the Sale. All documents necessary to implement the Sale, shall, upon execution, be valid, binding and enforceable agreements in accordance with their terms, and not be in conflict with any federal or state law.

6.  Retention of Jurisdiction. The Court shall retain jurisdiction over the implementation and enforcement of this Order.

**DECREES**

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, DECREED AND DETERMINED THAT:**

7. <u>Incorporation</u>. To the extent applicable, based on the context, the foregoing Recitals, the record of the Confirmation Hearing, as well as the foregoing Findings of Fact and Conclusions of Law are a material part of this Order and are incorporated by reference as decretal paragraphs of this Order as if same were set forth at length below.

8. <u>Objections Overruled</u>. Any objections to the Sale, including the CN Objection, and any other objections raised orally at the Confirmation Hearing, the results of the Auction, the consummation of the Sale, or the entry of this Order or the relief granted herein which have not been withdrawn, waived, settled, or otherwise resolved and/or memorialized pursuant to the terms hereof (if any), are hereby denied and overruled on the merits and with prejudice. Benjamin Nazmiyal, Rachel Greenberg, Michael E. Crane, Wristwatch Café, LLC and Kosher Food Connection, LLC reserve all rights asserted in connection with entry of this Order including their right to appeal.

9. <u>The Record</u>. The record of the Confirmation Hearing is incorporated herein to the extent it seeks approval of the Sale by reference, and made a material part hereof, as if set forth in this Order at length.

10. <u>Sale Approval and Related Relief</u>.

   a. The Sale to the Successful Bidder or the Back-Up Bidder, if applicable, are approved and confirmed in all respects, and therefore, the Debtor is hereby authorized to sell, transfer, and convey the entire Property to the Successful Bidder or Back-Up Bidder, if applicable.

   b. The rights of the Successful Bidder or Kenden (as the Back-Up Bidder), to purchase the Property are subject to the Bid Procedures approved by the Court under the Bid

Procedures Order and are acknowledged by both the Successful Bidder and Kenden.

c. The Debtor, and each of their respective officers, members, employees and agents, as applicable, is each hereby authorized and directed to (i) perform the obligations under and comply with the terms of the Amended Plan and the Bidding Procedures, and execute, deliver and perform any additional agreements, instruments or documents that may be reasonably necessary or appropriate to implement the Sale; (ii) consummate the sale, transfer and conveyance of the Property in accordance with the terms and conditions of the Amended Plan and the Bidding Procedures, including without limitation, delivery of possession of the entire Property to the Successful Bidder or Back-Up Bidder subject only to the provisions of this Order; and (iii) take all other and further actions as may be reasonably necessary or appropriate to implement the sale, transfer and conveyance of the Property and perform its obligations under the Amended Plan and the Bidding Procedures.

d. All of the Debtor's rights, title and interest in and to the Real Property shall be sold free and clear of all Claims, as set forth in paragraph 4(e) herein, with such Claims to attach to the proceeds of the sale with the same extent, validity and priority as such Claims applied against the Property. Notwithstanding the foregoing, the Sale shall not be free and clear of the rights of residents residing in apartments 3N and 5N at the Real Property (the "**RS Apts.**") whose rights are proscribed by the Rent Stabilization Laws of the State of New York and shall stay in possession of those leased premises within the Real Property.

e. Any *lis pendens* that exist on the Real Property as of the date of this Order shall be deemed extinguished and of no force and effect, and the Clerk of the Court of New York County is directed to remove any *lis pendens* that exist on the Real Property as of the date of this Order.

f. At the conclusion of the Stay Expiration Time: (i) the Alleged Leases are extinguished and of no force and effect; (ii) any possessory interest held by the Alleged Lessees, including the possessory interest in any portion of the Real Property is extinguished and deemed turned over to the Debtor subject only to subparagraph (m) below; (iii) except as set forth in subparagraph (m) below, Successful Bidder or Back-Up Bidder, if applicable, shall take possession and control over all of the Real Property, including the right to change locks, except as to RS Apts.; and (iv) the Class 1 and Class 2 claims shall be paid consistent with the Plan and Kenden Stipulation.

g. The Successful Bidder is deemed to be a good faith purchaser of the Property within the meaning of section 363(m) of the Bankruptcy Code and is therefore entitled to all the protections and immunities afforded thereby, and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale, including the transfer and conveyance of the Property to the Successful Bidder, shall not affect the validity of the Sale, or the transfer and conveyance of the Property to the Successful Bidder.

h. None of the Debtor, the Successful Bidder, the Back-Up Bidder, their respective affiliates, equity holders, or their representatives is an "insider" of the Debtor as that term is defined in section 101(31) of the Bankruptcy Code, and none of the

foregoing parties has engaged in conduct that would cause or permit the Sale to the Successful Bidder or Back-Up Bidder to be avoided under section 363(n) of the Bankruptcy Code.

i. The Sale complies with the Amended Plan.

j. Except as otherwise provided in the Amended Plan, at the closing of the Sale ("Closing"), the Real Property shall vest in the Successful Bidder or the Back-Up Bidder (or their nominee(s), assignee(s) or designee(s)), free and clear of all Claims, including the possessory interests claimed by the Alleged Lessees.

k. Except as expressly provided in the Amended Plan, Bidding Procedures or by this Order, all of the Debtor's right, title and interest in and to the Real Property is being sold free and clear of all liens, claims (as such term is defined in section 101(5) of the Bankruptcy Code), encumbrances, rights, remedies, restrictions, interests, liabilities, leasehold interests, including any Alleged Leases claimed to be held by the Alleged Lessees, and any Claims. Such Claims are to attach to the proceeds of the sale with the same extent, validity and priority as such Claims applied against the Real Property. Therefore, all such persons asserting such claims shall be and hereby are forever barred, estopped and permanently enjoined from: (i) commencing or continuing in any manner any action or other proceeding, whether in law or in equity, in any judicial, administrative, arbitral or other proceedings, against the Successful Bidder, its successors or assigns, or asserting or pursuing such Claims against the Property, or the rights, title, and interests of the Successful Bidder in such Property; (ii) creating, perfecting or enforcing any Claims against the Successful Bidder, it successors or assigns, or the Real Property; (iii) asserting

any set-off, right of subrogation, or recoupment of any kind against the Successful Bidder, it successors or assigns, or the Real Property; and (iv) commencing or continuing any action in any manner or place, that is inconsistent with the terms of this Order. All persons and entities asserting claims against the Debtor's right, title and interest to the Real Property are hereby prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Successful Bidder to acquire the Debtor's right, title, and interest in and to the Real Property as contemplated by this Order. Following the Closing, no holder of a Claim in or against the Debtor's right, title and interest in the Real Property, of any kind or nature, shall interfere with the Successful Bidder's or Back-Up Bidder's, if applicable, title to possession or use and enjoyment of the Property based on or related to such Claims, or based on any action taken by the Debtor prior to, or, since commencement of the Chapter 11 Case, including without limitation Successful Bidder's right, ability, and effort to derive rental income and other revenue from the Property and to maximize the value of the Real Property. The foregoing shall not prevent the Debtor from enforcing the terms of the Bidding Procedures against the Successful Bidder, the Back-Up Bidder and/or their successors and assigns.

l. Upon the Closing, the Successful Bidder, the Back-Up Bidder, their successors and assigns shall not and shall not be deemed to: (i) be a successor to the Debtor or its estate under any theory of law or equity; (ii) have, *de facto* or otherwise, merged or consolidated with or into the Debtor or the Debtor's estate; (iii) be a mere continuation or substantial continuation of the Debtor or any enterprise of the Debtor; or (iv) be liable for any acts or omissions of the Debtor in the conduct of

the Debtor's business or arising under or related to the Property other than as set forth in the Amended Plan or the Bidding Procedures. There is no substantial continuity between the Debtor and the Successful Bidder or the Back-Up Bidder, there is no common identity between the Debtor and the Successful Bidder or Back-Up Bidder, and there is no continuity of enterprise between the Debtor and the Successful Bidder or Back-Up Bidder. Neither the Successful Bidder or Back-Up Bidder shall have (i) any liability or responsibility for or be required to satisfy in any manner (whether at law or in equity, by payment, setoff or otherwise, directly or indirectly) any Claim against the Debtor, or (ii) any successor or vicarious, liabilities, whether arising prior to or subsequent to the commencement of the Chapter 11 Case, whether imposed by agreement, understanding, law, equity or otherwise with respect to the Debtor or any obligations of the Debtor, including, but not limited to, liabilities on account of any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to the operation of the Debtor's business prior to the Closing or any taxes in connection with, or in any way relating to, the cancellation of debt of the Debtor. For avoidance of doubt, the transfer of the Real Property to the Successful Bidder or Back-Up Bidder will not subject the Successful Bidder to any liability for any claims against the Debtor existing as of the Petition Date.

m. On or before February 11, 2025, or such other date that may be ordered by the Court (the "**Vacate Date**"), Alleged Lessees shall remove all personal property from the Real Property. No fixtures, as that term is defined under § 9-102(a)(41) of the Uniform Commercial Code, or tiles shall be removed from the Real Property.

Personal property shall only be removed by the Alleged Lessees: (i) in the presence of an employee of Northgate; and (ii) by bonded and licensed entities. If the Alleged Lessees cannot vacate the Real Property by the Vacate Date, they must notify the Court, on notice to the Debtor and the Successful Bidder, on or before February 4, 2025, and provide cause as to why they cannot vacate the Real Property by the Vacate Date. After the Vacate Date, any personal property remaining on the Real Property by the Alleged Lessees shall be deemed abandoned and may be removed, retained or disposed of by the Debtor, the Successful Bidder or the Back-Up Bidder, if applicable.

n. Except as set forth in subparagraph 10(m) above, and as it relates to the RS Apts., the Debtor shall turnover possession of the Real Property at the Closing. If the Debtor or any third-party attempts to block the turnover possession of the Property to the Successful Bidder or Back-Up Bidder, the Debtor or the Successful Bidder or the Back-Up Bidder shall be entitled to seek relief, including but not limited to: (i) applying for a writ of assistance from Bankruptcy Court for approval to obtain the assistance of the United States Marshals Service to, among other things, effectuate turnover of the Real Property to the Successful Bidder or Back-Up Bidder; and (ii) seeking to hold the offending party in contempt of this Order.

o. Any person or entity which has filed statements or other documents or agreements evidencing Claims against the Debtor's right, title and interest in the Property, or against the Real Property itself, or Kenden, shall not have delivered to Debtor before the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements,

and any other documents required to document the release of such Claims. Debtor and the Successful Bidder are hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Real Property, with such Claims that are not paid at Closing to attach to the net proceeds of the Sale. Each and every federal, state and governmental agency or department and any other person or entity is hereby authorized and directed to accept any and all documents and instruments in connection with or necessary to consummate the sale of the Property, the Amended Plan or evidence the release of Claims in the Property.

p. The failure to reference or specifically include any particular provisions of the Bidding Procedures or the Amended Plan in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Sale be authorized and approved in its entirety.

11. <u>Provisions of this Order Nonseverable and Mutually Dependent</u>. The provisions of this Order are non-severable and mutually dependent.

12. <u>Implementation</u>. The Debtor, and all other relevant parties (including the Successful Bidder or Back-Up Bidder as it relates to the sale of the Real Property) are hereby authorized, directed and empowered to take such actions as may be necessary to effectuate the Sale.

13. <u>Binding Effect</u>. Effective as of the date of the entry of this Order, except as expressly provided in this Order, the provisions of this Order shall be binding on (i) the Debtor; (ii) the Successful Bidder; or (iii) the Back-Up Bidder, if applicable. For the avoidance of doubt, this Order shall be binding upon the Debtor, its successors and assigns, and any trustee that may

be appointed in the case or any case under Chapter 7 of the Bankruptcy Code to which such case may be converted, and any affected third parties, including without limitation any encumbrances against, claims or interests in the Debtor's estate or any of its assets, and all other persons and entities, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons or entities who may be required by operation of law or by the duties of their offices to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report to or insure title or state of title in or to any of the Debtor's assets.

14. <u>Release of Claim</u>. Subject to the other provisions of this Order, any Claims held against the Real Property by any creditor of the Debtor must be released and shall attach to the proceeds of Sale as a condition to full payment of any Allowed Claim held by such creditor. This Order and all related agreements and documents necessary to implement the Amended Plan shall be binding upon and inure to the benefit of any successors and assigns of the Debtor. In furtherance hereof, and in accordance with section 1142(b) of the Bankruptcy Code, after the Effective Date, the Debtor is authorized to execute and file and record any fully executed satisfaction of lien provided by such lien holder, which may be necessary to effectuate or consummate the terms of the Amended Plan or this Order, in the name of the Debtor, or in the name of any necessary party thereto, and each and every federal, state and local governmental agency or department is hereby directed to accept any such document.

15. <u>Retention of Jurisdiction</u>. The Court shall retain jurisdiction over the implementation and enforcement of this Order.

16. <u>Reversal</u>.  If any or all of the provisions of this Order are hereafter reversed, modified or vacated by subsequent order of this Court or any other court, such reversal, modification or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Amended Plan (including consummation of the Sale) prior to the Debtor's receipt of written notice of any such order.  Notwithstanding any such reversal, modification or vacatur of this Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Order prior to the effective date of such reversal, modification or vacatur shall be governed in all respects by the provisions of this Order and the Amended Plan or any amendments or modifications thereto.

17. <u>Order Effective</u>.  Notwithstanding the provisions of Bankruptcy Rules 3020 and 6004, this Order shall be effective as of 12:00 a.m. on February 7, 2025 (the "**Stay Expiration Time**"), and the fourteen (14)-day stay imposed by Bankruptcy Rules 3020(e) and 6004(h), or any other stay of this Order in the Bankruptcy Rules or Bankruptcy Code are hereby modified accordingly.  Time is of the essence in closing the Sale, and the Debtor and the Successful Bidder and Back-Up Bidder may close the Sale as soon as practicable upon expiration of the Stay Expiration Time.

18. <u>Headings</u>.  Headings utilized herein are for the convenience of reference only and shall not constitute a part of this Order for any other purpose.

19. <u>Immediately Final</u>.  Notwithstanding Bankruptcy Rules 3020(e), 6004(h), 7062 or otherwise, this Order shall be stayed only through the Stay Expiration Time and shall be effective and enforceable immediately upon the passing of the Stay Expiration Time.  Any party objecting to this Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its appeal

being foreclosed as moot.

Dated: New York, New York
January 31, 2025

                                          *s/ David S. Jones*
                                  HONORABLE DAVID S. JONES
                                  UNITED STATES BANKRUPTCY JUDGE