UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:                                                          Chapter 11

TREASURES AND GEMS, LTD,                                         Case No. 24-10570 (DSJ)


                          Debtor.
------------------------------------------------------------x

## MEMORANDUM OF DECISION AND ORDER DENYING DEBTOR'S MOTION FOR ENTRY OF A FINAL DECREE

**APPEARANCES:**

**WILK AUSLANDER LLP**
*Counsel for Debtor*
825 8th Avenue, Suite 2900
New York, NY 10019
By:     Eric Snyder

**M.C. SHAPIRO LAW GROUP PC**
*Counsel for Michael E. Crane, Daniel M. Crane, Rachel Goldman, Kosher Food Connection LLC, Benjamin Nazmiyal, and Wristwatch Cafe LLC*
3 Grace Avenue, Suite 109
Great Neck, NY 11021
By:     Mitchell C. Shapiro

**LAW OFFICE OF ALAN C. STEIN**
*Counsel for Michael E. Crane, Daniel M. Crane, Rachel Goldman, Kosher Food Connection LLC, Benjamin Nazmiyal, and Wristwatch Cafe LLC*
7600 Jericho Turnpike, Suite 308
Woodbury, NY 11803
By:     Alan Stein

**WILLIAM K. HARRINGTON**
The United States Trustee for Region 2
Alexander Hamilton U.S. Custom House
One Bowling Green, Room 534
New York, NY 10004
By:     Andrea B. Schwartz

**DAVID S. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

1

Before the Court is the motion of debtor Treasures & Gems Ltd for entry of a final decree closing its bankruptcy case. The motion is opposed by various alleged parties-in-interest led by Michael Crane, the son of one of the deceased owners of debtor. The Court has confirmed debtor's plan which was appealed to the District Court by the objectors led by Mr. Crane, but the objectors were denied a stay and have had their appeal dismissed on equitable mootness grounds. The objectors are now pursuing a further appeal to the Second Circuit, which remains pending.

Debtor seeks entry of a final decree pursuant to Bankruptcy Rule 3022 and an order closing the case pursuant to section 350(a) of the Bankruptcy Code. These steps are required by the Code and Rule 3022 when a case has been "fully administered," a term left undefined by the Bankruptcy Code. Debtor argues that its confirmed plan has gone effective and that the transaction contemplated under the plan has occurred, all distributions required by the plan have been made, and there remains no further work to be done in this Court. Debtor further argues that it should be freed from its continuing obligation to pay fees to the Office of the United States Trustee (the "U.S. Trustee"), and that, since the case's continued existence serves no purpose, it is appropriate to close the case now, with the Court to reserve jurisdiction in the event the pending appeal's outcome requires the Court to take any further action.

The objectors oppose, arguing that the case is not "fully administered" until the confirmation order becomes final by the resolution of all pending appeals, and arguing that closing the case would or might run afoul of the divestment-of-jurisdiction doctrine that bars this Court from acting with respect to orders that are on appeal. The objectors further contend that closing the case now might prejudice their rights to pursue their appeal by causing or compounding the mootness barriers they already face.

2

The U.S. Trustee did not file papers in connection with the motion, but, at the hearing on the motion, orally stated that the U.S. Trustee's ordinary position is that cases should not be closed while an appeal from a confirmation order is pending. The U.S. Trustee later informed the Court that they concluded, after discussions with debtor's counsel that the they did not detail, that the case could be closed given the absence of any needed work in this Court pending the outcome of the appeal.

Given the U.S. Trustee's unexpected statement of opposition during the hearing, the Court closed the hearing while authorizing surreplies by any objector, to be filed on or before July 24, to which debtor had an opportunity to respond on or before July 31. The Court reserved August 25 as a possible continued hearing date in the event it could not rule upon receipt of any surreplies.

The objectors filed a timely surreply, to which debtor did not respond.

For reasons described below, debtor's motion for entry of a final decree and to close the case is DENIED. Put briefly, while it is tempting to adopt debtor's position, the best practice and fairest course is not to deem a case to have been "fully administered" while there is a pending appeal from the controlling and bedrock order that culminated the entire case.

## APPLICABLE LEGAL STANDARDS

Section 350(a) of the Bankruptcy Code provides, "[a]fter an estate is fully administered . . . the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022 likewise provides that "[a]fter the estate is fully administered in a Chapter 11 case, the court must, on its own or on a party in interest's motion, enter a final decree closing the case." Fed. R. Bankr. P. 3022.

The entry of the final decree "is essentially an administrative task." *In re Endo Int'l Plc*, 666 B.R. 221, 225 (Bankr. S.D.N.Y. 2024) (quoting *In re Kliegl Bros. Universal Elec. Stage*

*Lighting Co., Inc.*, 238 B.R. 531, 541 (Bankr. E.D.N.Y. 1999)); *see also McClelland v. Grubb & Ellis Consulting Servs. Co. (In re McClelland)*, 377 B.R. 446, 453 (Bankr. S.D.N.Y. 2007) ("A final decree is essentially an administrative task, a docket entry reflecting the conclusion of a case for record-keeping purposes."); *In re Union Home and Indus., Inc.*, 375 B.R. 912, 918 (B.A.P. 10th Cir. 2007) ("Entry of a final decree is primarily administrative."). Even after a case is closed under section 350(a), the case can be reopened under section 350(b). *See* 11 U.S.C. § 350(b).

The Bankruptcy Code does not define "fully administered," and so "[c]ourts have wide discretion in determining whether to close a chapter 11 case and Bankruptcy Rule 3022 is intended to allow bankruptcy courts flexibility in determining whether an estate is fully administered." *Endo*, 666 B.R. at 225 (quoting *In re Motors Liquidation Co.*, 625 B.R. 605, 614 (Bankr. S.D.N.Y. 2021) (internal quotation marks omitted)). The Advisory Committee Notes to Bankruptcy Rule 3022 provide a set of non-exhaustive factors for courts to look to, including:

> (1) whether the order confirming the plan has become final;
> (2) whether deposits required by the plan have been distributed;
> (3) whether the property proposed by the plan to be transferred has been transferred;
> (4) whether the debtor or successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;
> (5) whether payments under the plan have commenced; and
> (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022 advisory committee's note to 1991 amendment. Each factor should be applied and weighed, but no one factor is dispositive. *Union Home*, 375 B.R. at 917-18; *see Spierer v. Federated Dep't Stores, Inc. (In re Federated Dep't Stores, Inc.)*, 43 Fed. Appx. 820, 822 (6th Cir. 2002) (stating that bankruptcy courts determine the entry of a final decree "on a case-by-case basis and analyz[ing] the factors set forth in Rule 3022, along with any other

4

relevant factors, in determining whether an estate has been fully administered"). Furthermore, "not all the factors set forth in the Advisory Committee Note need to be present to establish that a case is fully administered for final decree purposes." *Id.*

Courts also consider whether the plan of reorganization has been "substantially consummated." *In re Endo*, 666 B.R. at 226; *see also In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (noting that several courts have "concluded that a Chapter 11 case should be considered 'fully administered' when it reaches the point of substantial consummation as defined in Section 1101(2)" of the Bankruptcy Code). Under section 1101(2), "substantial consummation" means: "(A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan." 11 U.S.C. § 1101(2).

## DISCUSSION

Here, the plan has been "substantially consummated," and four of the six considerations identified in the advisory note favor closing the case now. But the remaining two (numbered 1 and 6) are, in the Court's view, critical. The "order confirming the plan" has not "become final" because it remains subject to a live appeal. And not all motions and contested matters have been "finally resolved," again, because of the pending appeal from the plan's confirmation order.

Every case gets closed eventually, but there is surprisingly little case law about whether a case can be closed when a confirmation order remains under appeal.

The most on-point and helpful case, and one the Court chooses to follow here, is *In re SLI, Inc.*, No. 02-12608, 2005 WL 1668396 (Bankr. D. Del. Jun. 24, 2005). That case, like this

one, involved a reorganized debtor whose case was fully administered with distributions made but where an appeal remained pending in the relevant Circuit Court (there, the Third Circuit) following a district court's dismissal of the appeal as equitably moot. *See id.* As here, the debtor wished to close the bankruptcy case without delay to avoid an ongoing requirement to pay U.S. Trustee quarterly fees. *Id.*

The Court declined, noting that although ordinarily pending appeals as to matters whose outcome would not entail further work by the Court do not require postponing closing a bankruptcy case, appeals from confirmation orders are different. *Id.* at *2. The Court emphasized that "[t]he heart of a Chapter 11 case is the proposal, approval, and confirmation of a plan," stating that "[n]o extensive citation of authority is needed for that truism." *Id.* In the court's view, the merits (or lack of merit) of the appeal were irrelevant in that it is simply the existence of the appeal and "the nature of the issues involved" that prevents the determination that the case has been "fully administered." *Id.* ("one simply cannot conclude, even in the face of the satisfaction of all of the other noted factors, that a case can be considered as having been 'fully administered'"). The *SLI* court acknowledged the debtor's observation that closed cases can be readily reopened pursuant to Code section 350(b), a point also raised by debtor here, but the court observed that case reopening a case "requires a motion by an interested party with an opportunity to respond and object (possibly bringing into play the equitable mootness issue raised and decided in the District Court), an issue that the appellate court may or may not deal with." *Id.* at *3. Thus, the *SLI* Court observed, "[i]t is best not to precipitate those issues prior to the time that the Court of Appeals makes its decision. The ramifications of the appellate court decision should be before the Court before these cases are closed. What would also be avoided is any possible effect of the closing of the cases on the issues before the Court of Appeals." *Id.*

6

The Court is persuaded that it is best for the Court to exercise its discretion in the same way that the *SLI* court did, for the same reasons. The Collier treatise confirms the observation of the *SLI* court that reopening requires notice and a motion, *see* Collier on Bankruptcy (16th ed.) ¶¶ 350.03[7], 5010.02[1], and the same treatise states that the court in most circumstances will charge the movant "the same as the filing fee in effect for commencing a new case on the date of the reopening." *Id.* ¶ 5010.02[2]. It may be that the Court could reopen the case on its own motion if the Circuit's resolution of the appeal warranted, but that too would put the Court in relatively uncharted waters and could spark further litigation. The safer course is simply not to close the case until if and when the appeal process is concluded and establishes that no further action is required by this Court.

The Court could stop here, but pauses to address three other issues.

First, the objectors insinuate without support that the U.S. Trustee's handling of the case and the Motion was somehow inappropriate. The Court perceives no basis for these remarks. This has been an unusually contentious case, with various of the objectors opposing almost every step taken in the case while raising all manner of *ad hominem* attacks. All the U.S. Trustee has done is respond to a question that the Court asked during a hearing by orally expressing concerns about closing the case with the appeal pending, and then, subsequently, reporting that its concerns were satisfied such that it no longer opposed closing the case. There is nothing inherently nefarious about that, and the objectors provide no basis to conclude that anything improper has occurred. The objectors say sweepingly that the U.S. Trustee has somehow violated the lengthy statutory provision defining the duties of a U.S. Trustee, 28 U.S.C. § 586, but they never identify a specific provision or explain how anything done violated that or any statutory provision. Nor does the Court perceive any conduct that was contrary to statute or otherwise inappropriate.

Further, other arguments and authorities raised by the objectors are also off point. They point with understandable concern to the doctrine divesting bankruptcy courts of jurisdiction over issues that are on appeal, but the limited authority they cite either is off point (the Court located no decision called *Millenium* shedding light on the jurisdictional divestment doctrine) or cuts against their position (*In re Sabine Oil & Gas Corp.*, 548 B.R. 674 (Bankr. S.D.N.Y. 2016)), which discussed the jurisdiction divestment doctrine at some length but rejected its application in the circumstances before the court, noting that bankruptcy courts preserve jurisdiction to administer their cases and resolve issues that were not pending on appeal, as this Court could readily do here. In fact, the *Sabine Oil & Gas* court cautioned against over-expansive application of the divestment doctrine, noting that an overbroad application of the doctrine improperly "would effectively cede control of the conduct of a chapter 11 case to disappointed litigants." *Id.* at 680.

Finally, the Court emphasizes the narrowness and the discretionary nature of its decision, which turns on the uniquely important role of the order that is under appeal here – a confirmation order – to case administration. A not-unreasonable case could be made for closing the case even given the pending appeal from confirmation, and this decision certainly should not be read to limit the circumstances in which courts may properly find cases to have been "fully administered" and thus ready to be closed in such a circumstance. For example, courts commonly and appropriately recognize that pending adversary proceedings or related appeals do not prevent the closing of a case. *See e.g., In re Hamilton*, 2026 WL 476520, at *7 (D.S.C. Jan. 7, 2026) ("nothing in the Bankruptcy Code or Rules prohibits the closing of a bankruptcy case while an appeal is pending, especially when there is no order staying the Bankruptcy Case pending appeal"); *McClelland*, 377 B.R. at 453 ("If the estate is otherwise fully administered, the Debtor's adversary proceeding . . . should not delay closing of the case."); *In re Avaya Inc.*, No. 19-cv-5987, 2020 WL 5051580, at

8

*3 (S.D.N.Y. Apr. 30, 2020) (quoting *Union Home*, 375 B.R. at 918) ("[T]he continuation of an adversary proceeding . . . is insufficient by itself to keep a case from being considered fully administered.") (internal quotation marks omitted); *In re Clinton Nurseries, Inc.*, No. 17-31899, 2020 Bankr. LEXIS 567, at *12–13 (Bankr. D. Conn. Mar. 4, 2020) (entering a final decree despite a pending appeal). Not all courts agree, but the Court reviews this authority to emphasize that today's decision should not understood to suggest any rigid limit on the discretion courts have to determine if and when a case may be closed as fully administered. *See Clinton Nurseries*, 2020 Bankr. LEXIS 567, at *3 (quoting *Union Home*, 375 B.R. at 917) ("[T]his statutory framework illustrates that determining when a case is 'fully administered' is a decision for the bankruptcy court based on a consideration of numerous case-specific, procedural, and practical factors"). The Court simply concludes that, on balance, it should not deem this case "fully administered" before the confirmation order has become final and unappealable – in other words, before the pending appeal is resolved.

## CONCLUSION

For the reasons stated above, debtor's motion for entry of a final decree and an order closing this case is hereby DENIED. This decision and order is self-effectuating such that no separate order resolving the motion will be entered.

So ordered.

Dated: New York, New York
      August 11, 2026

                                 *s/ David S. Jones*
                                 Honorable David S. Jones
                                 United States Bankruptcy Judge